*Underwood,* for Appellant.
*Dent,* for Appellee.

———&———

## JULY TERM, 1714.

### CARROLL's Lessee *vs.* ESKRIDGE.

EJECTMENT for *Westwood Manor* in Charles county.

A *special verdict* was found, stating that *Thomas Gerrard* was seised in fee of the premises on the 26th of February 1671. That his eldest brother and heir at law, *Justinian,* by his will dated the 4th August 1682, devised to his wife *Sarah* all his lands, &c. in Maryland, and declared that after the death of his brother *Thomas,* (whose heir at law he was,) all his estate, both real and personal, should go to his wife *Sarah,* and her heirs. The lessor of the plaintiff claims under *Sarah.* That *Justinian* survived his brother *Thomas,* and continued in

(a) The honourable Colonel Henry Darnall, commissary, presided in the county court.

the said resolution. That on the 20th July 1685, Justinian, and Sarah his wife, conveyed all the lands, &c. of which the said Justinian stood seised of any estate of inheritance in Maryland, to J. L. and R. F. in trust for the said Justinian, and Sarah his wife, during their or either of their lives, after the death of the survivor to the use of the heirs of the body of the said Justinian, and in default of such issue to the use of the said J. L. and R. F. and their heirs, in trust, to convey to such person or persons as the said Justinian, or Sarah, which of them should survive, should by writing, &c. direct. In default thereof to the right heirs of the said Justinian.

That the said Thomas afterwards, on the 7th of November 1685, devised all his estate, real and personal, to his wife Ann, who after the death of the said Thomas, and in the life-time of the said Justinian, was seised. That Justinian afterwards died in 1687, without issue, leaving his wife Sarah, his survivor, who married one Michael Curtice. That Ann, the widow of Thomas, intermarried with John Bayne, and had issue Ebsworth, who was the said Ann's heir at law. The said Bayne and wife continued in quiet and peaceable possession of the premises during their lives, and both died in 1702. That after their death John Gerrard, son and heir of John, brother of the said Thomas and Justinian, entered into the premises, and claimed the same as heir at law of Thomas the devisor. That he continued in quiet possession until his death on the 10th of April 1711, and by his will, dated the 29th January 1710, devised the premises, except 100 acres, to his wife Jane, in tail, with remainder to James Johnson in fee. The 100 acres he devised to Eskridge, the defendant, in fee. That the said Curtice, and Sarah his wife, by their deed dated the 18th of May 1711, conveyed the premises to the lessor of the plaintiff in fee. That the said Jane, the relict and devisee of John, on the 20th December 1712, demised the premises, (except the 100 acres,) to Eskridge the defendant, for and during the term of 40 years, if she should so long live. That Ebsworth Bayne, son and heir of Ann the devisee of Thomas Gerrard, on the 7th of October 1713, released and confirmed to the said Eskridge, the defendant, all his right and interest in the premises in the defendant's actual possession then being. That the defendant, and those under whom he claimed, had ever since the death of the said Thomas Gerrard been in the actual possession of the premises.

JUDGMENT upon the special verdict for the defendant.

THE PLAINTIFF brought a writ of error, which was nonprossed in the Court of Appeals at May term, 1716.

M'Nemara and Hunlt, for Plaintiff.

Bordley and Dulany, for Defendant.